UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gene Rechtzigel individually,

Gene Rechtzigel as Personal Representative
for Estate of Frank H. Rechtzigel and as
Trustee of any Trust thereunder,

Gene Rechtzigel as Trustee
for the Evelyn I. Rechtzigel Trust, and

Rex Rentals-F.R.R.,

       Plaintiffs,

v.

Mohrman & Kaardal, P.A.,
Mohrman, Kaardal, & Erickson, P.A.,
Erik Gregg Kaardal, in individual and official capacity,
William F. Mohrman, in individual and official capacity,
Gregory M. Erickson, in individual and official capacity,
James R. Magnuson, in individual and official capacity,
Fischer Market Place, LLP,
Gerald S. Duffy, in individual and official capacity,
Matthew S. Duffy, in individual and official capacity,
Michael R. Moline, in individual and official capacity,
Fischer Sand & Aggregate,
Peter Wells Fischer, in individual and official capacity,
Magellan Pipeline Company, LP,
Magellan Midstream Partners, LP,
Christopher R. Grote, in individual and official capacity,
City of Apple Valley,
Michael G. Dougherty, in individual and official capacity,
Robert B. Bauer, in individual and official capacity,
Brian John Wisdorf, in individual and official capacity,
Thomas R. Donely, in individual and official capacity,
Mary Hamann-Roland, in individual and official capacity,
John Bergman, in individual and official capacity,
Tom Goodwin, in individual and official capacity,
Ruth Grendahl, in individual and official capacity,
Clint Hooppaw, in individual and official capacity,
Examiner of Titles, Dakota County,
James P. O'Connell, in individual and official capacity,

**MEMORANDUM OPINION
AND ORDER**
Civil No. 15-4365 ADM/JSM

Madhavi Rajulapati,
Kristin Gasteazoro,
Michelle Larson, and
Lyle Hearn,

       Defendants.
_____

Gene Rechtzigel, pro se.

Gregory M. Erickson, Esq., Mohrman, Kaardal, & Erickson, P.A., Minneapolis, MN, on behalf of Defendants Mohrman & Kaardal, P.A., Mohrman, Kaardal, & Erickson, P.A., Erik Gregg Kaardal, William F. Mohrman, Gregory M. Erickson, and James R. Magnuson.

Aaron R. Hartman, Esq., Monroe Moxness Berg, P.A., Edina, MN, on behalf of Defendants Fischer Market Place, LLP, Fischer Sand & Aggregate, and Peter Wells Fischer.

Colleen McGarry, Esq., Meagher & Geer, P.L.L.P., Minneapolis, MN, on behalf of Defendants Gerald S. Duffy, Matthew S. Duffy, Michael R. Moline, Michael G. Dougherty, Robert B. Bauer, Brian John Wisdorf, and Thomas R. Donely.

Bryan A. Welp, Esq., Lindquist & Vennum, LLP, Minneapolis, MN, on behalf of Defendants Magellan Pipeline Company, LP, Magellan Midstream Partners, LP, and Christopher R. Grote.

Shelley M. Ryan, Esq., Hoff, Barry & Kozar, P.A., Eden Prairie, MN, on behalf of Defendants City of Apple Valley, Mary Hamann-Roland, John Bergman, Tom Goodwin, Ruth Grendahl, and Clint Hooppaw.

Jeffrey A. Timmerman, Esq., Assistant County Attorney, Dakota County Attorney's Office, Hastings, MN, on behalf of Defendant James P. O'Connell.

Eric J. Steinhoff, Esq., Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, MN, on behalf of Defendant Kristin Gasteazoro.

Michael J. McNamara, Esq., American Family Insurance, Eden Prairie, MN, on behalf of Defendant Michelle Larson.

Madhavi Rajulapati, pro se.

Lyle Hearn, pro se.
_____

On April 8, 2016, the undersigned United States District Judge heard oral argument on Plaintiffs' Motion for Temporary Restraining Order [Docket No. 15], Defendants' Motions to Dismiss [Docket Nos. 38, 52, 56, 61, 67, 72, 84, 85, 102, 107], and Defendants' Motions for Sanctions [Docket Nos. 113, 120, 125, 133]. Although Plaintiffs did not file a response to Defendants' motions, the Court allowed Plaintiff Gene Rechtzigel an opportunity to be heard in opposition to these motions.[1] For the reasons stated on the record and set forth below, the Motion for Temporary Restraining Order is denied and the Motions to Dismiss are granted. The Motions for Sanctions remain under advisement and will be addressed in a future order. See Cleveland v. Berkson, 878 F.2d 1034, 1036 (7th Cir. 1989) ("[A] district court's intentional deferral of action on a motion for sanctions, when it enters a judgment definitively and completely disposing of the underlying action, constitutes a determination on the part of the district court that its disposition of the motion for sanctions will not impact upon its resolution of the underlying litigation.").

The Motion for Temporary Restraining Order is denied because, as explained below, the Court lacks jurisdiction. Further, both Plaintiffs and Defendants agreed at the hearing that the matter is now moot. The debt which was the subject of the motion has now been discharged.

The Motions to Dismiss are granted because the Court lacks jurisdiction over the claims alleged in the Amended Complaint [Docket No. 26]. Federal Rule of Civil Procedure 12(h)(3) dictates that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the

---

[1] As a non-lawyer, Rechtzigel may represent himself pro se but may not represent other entities. Knoefler v. United Bank of Bismarck, 20 F.3d 347, 347–48 (8th Cir. 1994). Nonetheless, for the purpose of resolving the pending motions, the Court allowed Rechtzigel to be heard on behalf of all the plaintiffs named in the Amended Complaint [Docket No. 26].

court must dismiss the action." Under the Rooker-Feldman doctrine, federal district courts do not possess subject matter jurisdiction over challenges to state court decisions. See Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). The Rooker-Feldman doctrine applies in cases where (1) the federal court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by a state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was rendered before the district court proceedings commenced. See Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc., 487 F.3d 1154, 1156–57 (8th Cir. 2007) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005)).

All the prerequisites of the Rooker-Feldman doctrine are satisfied in this case. Plaintiffs lost in multiple state court proceedings related to the claims at issue here. See In re Application of Gene Rechtzigel, Pro Se, to Determine Boundary and Title to Certain Land, No. A14-449, 2014 WL 6609118, at *1 (Minn. Ct. App. Nov. 24, 2014); In re Application of Fischer Sand & Aggregate, LLP, No. A14-735, 2015 WL 1128658, at *1 (Minn. Ct. App. Mar. 16, 2015); Mohrman & Kaardal, P.A. v. Rechtzigel, No. A14-1499, 2015 WL 4714883, at *1 (Minn. Ct. App. Oct. 28, 2015). Plaintiffs complain of "destruction to [their] liberty interests, real property, and constitutional rights" that was caused by the judgments in the state court proceedings. See Am. Compl. ¶ 9. The Plaintiffs' claims invite this Court to review the correctness of the property rights determination made by the state court. See id. ¶¶ 8–10; Willhite v. Collins, 385 F. Supp. 2d 926, 929 (D. Minn. 2005). Finally, this proceeding commenced after the state court judgments were rendered. See Compl. [Docket No. 1] (filed Dec. 14, 2015).

In addition to the Court lacking jurisdiction, the Amended Complaint fails to state "a

claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Even given a generous reading, the Amended Complaint does not allege sufficient facts for the Court "to draw the reasonable inference" that the more than two dozen named defendants engaged in a conspiracy to deprive Plaintiffs of their rights. Id.

Further elaboration of the bases for the Court's ruling in this matter was stated on the record at the hearing, a transcript of which shall be available to the parties via the Court's electronic filing system.

Based upon all the files, records, and proceedings herein, and for the reasons stated on the record at oral argument, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Temporary Restraining Order [Docket No. 15] is **DENIED**;

2. Defendants Mohrman & Kaardal, P.A., Mohrman, Kaardal, & Erickson, P.A., Erik Gregg Kaardal, William F. Mohrman, Gregory M. Erickson, and James R. Magnuson's Motion to Dismiss [Docket No. 38] is **GRANTED**;

3. Defendant Kristin Gasteazoro's Motion to Dismiss [Docket No. 52] is **GRANTED**;

4. Defendants Magellan Pipeline Company, LP, Magellan Midstream Partners, LP, and Christopher R. Grote's Motion to Dismiss [Docket No. 56] is **GRANTED**;

5. Defendants City of Apple Valley, Mary Hamann-Roland, John Bergman, Tom Goodwin, Ruth Grendahl, and Clint Hooppaw's Motion to Dismiss [Docket No. 61] is **GRANTED**;

6. Defendants Michael G. Dougherty, Robert B. Bauer, Brian John Wisdorf, Thomas R. Donely, Gerald S. Duffy, Matthew S. Duffy, and Michael R. Moline's Motion to Dismiss [Docket No. 67] is **GRANTED**;

7. Defendants Fischer Market Place, LLP, Fischer Sand & Aggregate, and Peter Wells Fischer's Motion to Dismiss [Docket No. 72] is **GRANTED**;

8. Defendant James P. O'Connell's Motion to Dismiss [Docket No. 84] is **GRANTED**;

9. Defendant Michelle Larson's Motion to Dismiss [Docket No. 85] is **GRANTED**;

10. Defendant Madhavi Rajulapati's Motion to Dismiss [Docket No. 102] is **GRANTED**;

11. Defendant Lyle Hearn's Motion to Dismiss [Docket No. 107] is **GRANTED**; and

12. Defendants' Motions for Sanctions [Docket Nos. 113, 120, 125, 133] remain under advisement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 11, 2016.