UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gene Rechtzigel individually,

Gene Rechtzigel as Personal Representative
for Estate of Frank H. Rechtzigel and as
Trustee of any Trust thereunder,

Gene Rechtzigel as Trustee
for the Evelyn I. Rechtzigel Trust, and

Rex Rentals-F.R.R.,

        Plaintiffs,

v.

Mohrman & Kaardal, P.A.,
Mohrman, Kaardal, & Erickson, P.A.,
Erik Gregg Kaardal, in individual and official capacity,
William F. Mohrman, in individual and official capacity,
Gregory M. Erickson, in individual and official capacity,
James R. Magnuson, in individual and official capacity,
Fischer Market Place, LLP,
Gerald S. Duffy, in individual and official capacity,
Matthew S. Duffy, in individual and official capacity,
Michael R. Moline, in individual and official capacity,
Fischer Sand & Aggregate,
Peter Wells Fischer, in individual and official capacity,
Magellan Pipeline Company, LP,
Magellan Midstream Partners, LP,
Christopher R. Grote, in individual and official capacity,
City of Apple Valley,
Michael G. Dougherty, in individual and official capacity,
Robert B. Bauer, in individual and official capacity,
Brian John Wisdorf, in individual and official capacity,
Thomas R. Donely, in individual and official capacity,
Mary Hamann-Roland, in individual and official capacity,
John Bergman, in individual and official capacity,
Tom Goodwin, in individual and official capacity,
Ruth Grendahl, in individual and official capacity,
Clint Hooppaw, in individual and official capacity,
Examiner of Titles, Dakota County,
James P. O'Connell, in individual and official capacity,
Madhavi Rajulapati,

**ORDER DENYING MOTION
FOR SANCTIONS**
Civil No. 15-4365

Kristin Gasteazoro,
Michelle Larson, and
Lyle Hearn,

        Defendants.

_____

Gene Rechtzigel, pro se.

Gregory M. Erickson, Esq., Mohrman, Kaardal, & Erickson, P.A., Minneapolis, MN, on behalf of Defendants Mohrman & Kaardal, P.A., Mohrman, Kaardal, & Erickson, P.A., Erik Gregg Kaardal, William F. Mohrman, Gregory M. Erickson, and James R. Magnuson.

Aaron R. Hartman, Esq., Monroe Moxness Berg, P.A., Edina, MN, on behalf of Defendants Fischer Market Place, LLP, Fischer Sand & Aggregate, and Peter Wells Fischer.

Colleen McGarry, Esq., Meagher & Geer, P.L.L.P., Minneapolis, MN, on behalf of Defendants Gerald S. Duffy, Matthew S. Duffy, Michael R. Moline, Michael G. Dougherty, Robert B. Bauer, Brian John Wisdorf, and Thomas R. Donely.

Bryan A. Welp, Esq., Lindquist & Vennum, LLP, Minneapolis, MN, on behalf of Defendants Magellan Pipeline Company, LP, Magellan Midstream Partners, LP, and Christopher R. Grote.

Shelley M. Ryan, Esq., Hoff, Barry & Kozar, P.A., Eden Prairie, MN, on behalf of Defendants City of Apple Valley, Mary Hamann-Roland, John Bergman, Tom Goodwin, Ruth Grendahl, and Clint Hooppaw.

Jeffrey A. Timmerman, Esq., Assistant County Attorney, Dakota County Attorney's Office, Hastings, MN, on behalf of Defendant James P. O'Connell.

Eric J. Steinhoff, Esq., Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, MN, on behalf of Defendant Kristin Gasteazoro.

Michael J. McNamara, Esq., American Family Insurance, Eden Prairie, MN, on behalf of Defendant Michelle Larson.

Madhavi Rajulapati, pro se.

Lyle Hearn, pro se.

_____

This matter is before the undersigned United States District Judge for a ruling on Defendants' Motions for Sanctions [Docket Nos. 113, 120, 125, 133]. For the reasons stated below, the Motions for Sanctions are denied.

The Motions for Sanctions are based upon pro se plaintiff Gene Rechtzigel's ("Rechtzigel") filing of an Amended Complaint [Docket No. 26] alleging, among other things, that Defendants conspired to destroy his "liberty interests, real property, and constitutional rights" through their actions in multiple state court proceedings related to a property dispute. Am. Compl. ¶ 9. Defendants argue that sanctions against Rechtzigel are warranted under Rule 11 of the Federal Rules of Civil Procedure because the Amended Complaint was (1) frivolous in that it sought to relitigate facts and issues resolved in state court, and (2) filed in bad faith because it was intended solely to harass.

On April 8, 2016, the Court heard oral argument on the Motions for Sanctions at the same time it heard argument on Plaintiffs' Motion for Temporary Restraining Order [Docket No. 15] and Defendants' Motions to Dismiss [Docket Nos. 38, 52, 56, 61, 67, 72, 84, 85, 102, 107]. The Court orally denied Plaintiffs' Motion for a Temporary Restraining Order, granted Defendants' Motions to Dismiss, and stated that it would hold the Motions for Sanctions in abeyance for several months to determine whether Rechtzigel would continue to attempt to relitigate the state court proceedings in federal court.[1] During the April 8 hearing, the Court also informed Rechtzigel that the dismissal of the Amended Complaint constituted an end to the federal litigation, and that any further litigation in this Court regarding the state court

---

[1] These rulings resulted in an April 11, 2016 Memorandum Opinion and Order [Docket No. 144] and an April 12, 2016 Judgment [Docket No. 145].

proceedings would constitute an abuse of process that would clearly require sanctions. As of the date of this Order, Rechtzigel has not engaged in further federal litigation regarding the state court proceedings.

Rule 11 of the Federal Rules of Civil Procedure authorizes sanctions against an attorney or party who files pleadings that have no legal or factual basis or that are filed for an improper purpose such as to harass or delay. Fed. R. Civ. P. 11(b), (c). A district court's decision on whether to impose sanctions is entitled to substantial deference "because it is in the best position to evaluate the circumstances surrounding an alleged violation and render an informed judgment." Duranseau v. Portfolio Recovery Assocs., 644 F. App'x 702, 707 (8th Cir. 2016) (unpublished) (internal quotations omitted).

The Motions for Sanctions are denied because this action is the first federal court case related to the long-running property dispute between Rechtzigel and Defendants. Further, Defendants' arguments for sanctions are based largely on Rechtzigel's exhaustive pursuit of this matter in state court. Moreover, the harm alleged by the Mohrman firm has been mitigated by its recovery of a substantial amount of legal fees from Rechtzigel pursuant to a judgment which Rechtzigel has paid and satisfied.

Although the Court declines to impose sanctions, Rechtzigel is warned that any future efforts by him to further pursue in federal court matters against Defendants that have already been resolved in state court will likely result in monetary sanctions as well as an anti-suit injunction enjoining him from filing any further federal cases against Defendants unless he is represented by licensed counsel and seeks leave of court.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motions for Sanctions [Docket Nos. 113, 120, 125, 133] are **DENIED**.

BY THE COURT:

       s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 20, 2017.